Matter of Jayla K. (2018 NY Slip Op 07308)





Matter of Jayla K.


2018 NY Slip Op 07308


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-02053
2018-02055
 (Docket No. D-06554-15/17A)

[*1]In the Matter of Jayla K. (Anonymous), appellant.


Dawn M. Shammas, Harrison, NY, for appellant.
James M. Fedorchak, County Attorney, Poughkeepsie, NY (Victor A. Civitillo of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 3, Jayla K. appeals from (1) a violation of probation order of the Family Court, Dutchess County (Denise M. Watson, J.), and (2) an order of the same court directing the detention of the appellant, both dated January 2, 2018. The violation of probation order vacated a prior order of disposition of the same court dated December 6, 2016, and placed the appellant in the custody of the Dutchess County Department of Community and Family Services for a period of up to 12 months. The order directing detention remanded the appellant to nonsecure detention with the Dutchess County Department of Community and Family Services.
ORDERED that the orders are affirmed, without costs or disbursements.
Contrary to the appellant's contention, the Family Court did not improvidently exercise its discretion in placing her in the custody of the Dutchess County Department of Community and Family Services for a period of up to 12 months (see Matter of Jalen G., 104 AD3d 853, 853). The record establishes that this disposition was the least restrictive alternative consistent with the best interests of the appellant and the needs of the community (see Family Ct Act § 352.2[2][a]), particularly in light of her poor attendance and performance at school, her running away from home while on probation, her need for mental health treatment, and her guardian's inability to ensure that she attend school and engage in the services ordered by the court (see Matter of Jovan B., 151 AD3d 842; Matter of Ryan G., 112 AD3d 712, 713; Matter of Jalen G., 104 AD3d at 853-854).
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court